Genesee County Court was upheld and permission to appeal to the Court of Appeals was denied, and certiorari was also denied (78 Sup. Ct. 1002). Such being the case, petitioner and this court are bound by such decisions, and the petition alleging the defect above mentioned is therefore denied." A reading of the record of the hearing indicates that while there is much similarity between *People* v. *Heusinger* (*supra*) and the instant fact situation, there is a very important distinction between the two cases which requires a determination of the question of fact presented upon the hearing as to compliance with section 308 of the Code of Criminal Procedure. In *People* v. *Heusinger* (*supra*) the defendant accepted counsel assigned to him by the method used in Genesee County at that time and thereafter entered a plea of guilty through his assigned counsel. In the case at bar the defendant categorically stated upon the hearing that—"I told Sheriff Brown I did not want assigned counsel; that I would write to Florida to get somebody to be counsel". Defendant further stated that he had not been properly instructed as to his right to counsel, that the assignment of an attorney was over his objection and without his consent and that he was represented upon his trial by counsel not of his own choosing. The People introduced testimony of the District Attorney and the Sheriff to contradict the claim of the defendant but, except for the above statement contained in the memorandum decision of the court, there was no fact determination or finding by the County Court on this question and the order denying the writ makes no mention of this issue. Under these circumstances the matter must be remitted to Genesee County Judge PHILIP J. WEISS for determination of this question of fact. The proceedings are held pending the filing of a supplemental order determining this question. (Appeal from order of Genesee County Court denying defendant's application for writ of error *coram nobis* to set aside a judgment of conviction dated December 17, 1954.) Present—Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK LAINO, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Oneida Supreme Court, defendant having waived trial by jury, convicting defendant of violation of section 386-j, and subdivision 4 of section 376 of the Tax Law.) Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EARL L. JORDAN, Appellant, v. WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Wyoming County Court dismissing the writ of habeas corpus and remanding relator to the custody of the Warden of Attica Prison.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

AGNES SCHLOOP, Appellant, v. STATE OF NEW YORK, Respondent.— Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Court of Claims dismissing a claim for damages to claimant's property alleged to have been caused by reason of negligent flooding by Barge Canal waters.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH TOMASELLI, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Cayuga County Court sustaining the writ of habeas corpus and directing that relator be discharged from custody.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENE GARNER, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.—